# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

WILLIAM T. HOLLIDAY,

    Plaintiff,

vs.                               Case No. 4:09cv182-SPM/WCS

WALTER A. McNEIL, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a third amended civil rights complaint. Doc. 19. Plaintiff has been ordered on three separate occasions to submit a complaint that complies with FED. R. CIV. P. 8's requirement for a "short and plain statement" of his claims. Docs. 8, 12, and 18. The last order entered advised Plaintiff that this would be his final opportunity to comply and that his third amended complaint must be no longer than twelve pages. Doc. 18. Plaintiff's amended complaint, doc. 9, was thirty-nine pages in length. Plaintiff was advised that it did not comply with Rule 8 and Plaintiff responded by filing an even longer second amended complaint, doc. 13, that was forty-four pages in length. After being ordered once more

to file a complaint in compliance with court orders and Rule 8, and advised that filing a longer complaint does not comply with court orders, Plaintiff has filed an even longer third amended complaint that is now forty-nine pages in length. Doc. 19.

Plaintiff has also refused to omit claims and factual allegations concerning events that are time barred. Plaintiff has failed to comply with the court orders directing him to use short, separately numbered paragraphs to present his claims. Doc. 12, p. 2. Plaintiff has failed to comply with the orders to limit his complaint to one basic event or circumstance. Plaintiff has improperly attempted to litigate a multitude of separate events and claims in this one civil rights case. Plaintiff also has failed to present any factual allegations showing what Defendants Kilpatrick or Morgan did to violate Plaintiff's constitutional rights. There are no facts describing any actions or omissions committed by those Defendants.

Plaintiff's factual assertions against Defendant McNeil are also insufficient. The vast majority of his claims attempt to assert liability against Defendant McNeil for actions of other persons. *Respondeat superior* is not a basis for liability in a civil rights action. Defendant McNeil is not liable for the denial of Plaintiff's grievance appeals either. The Secretary does not personally respond to grievances and, even if he did, the denial of grievances is not the denial of a constitutional right. Plaintiff's complaint fails to comply with court orders, fails to comply with FED. R. CIV. P. 8(a) or 10(b), and fails to state a claim against any Defendant.

Plaintiff's prior case, 3:05cv312-RV/EMT, was dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and counts as a "strike" under § 1915(g). Plaintiff appealed the dismissal and the Eleventh Court found Plaintiff's appeal was

frivolous, which counts as Plaintiff's second "strike" under § 1915(g).  Doc. 37 of that case.  Plaintiff was advised that if this case were dismissed, it would mean that he had accumulated three "strikes" under § 1915(g), which will preclude him from proceeding with *in forma pauperis* status in the future.  Plaintiff did not heed that warning.[1]  Plaintiff is advised now that if this report and recommendation is adopted, he will have three "strikes" and will no longer be permitted to initiate a civil rights action in federal court without full payment of the filing fee at the time of case initiation absent allegations of being in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

Because further leave to amend would not be beneficial as Plaintiff has failed to comply with any direction given him in any of the three prior orders, this case should be dismissed.  Plaintiff's complaint fails to state a claim as to any of the three named Defendants and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, doc. 19, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation specifically acknowledge this is Plaintiff's third

---

[1] Moreover, Plaintiff also filed a case in the Eastern District of Michigan, case 2:09cv12758, subsequent to his initiating this case.  Plaintiff was advised that he could not simultaneously litigate two cases, in two different courts, based on the same set of facts.  Furthermore, Plaintiff did not acknowledge in the Michigan case, which was filed on July 14, 2009, *just four days after initiating this* case, that he had filed a case in Florida.  Judicial notice is taken that many of Plaintiff's claims in case 2:09cv12758, were dismissed *sua sponte* on October 8, 2009, under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for failing to state a claim and as frivolous.  Doc. 8 of that case.  The claims concerning his imprisonment in Florida were dismissed without prejudice, noting venue was not proper and the case was not appropriate to transfer.  *Id.*  That case is a "strike" under § 1915(g).

dismissal under § 1915(e) which will bar him from proceeding *in forma pauperis* in ths future as provided for in 28 U.S.C. § 1915(g), and that the order direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on December 11, 2009.

    s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**